IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kimberly S. Bender,

    Plaintiff,

  v.                                Case No. 2:20-cv-3321

Commissioner of
Social Security,

    Defendant.

### ORDER

Plaintiff Kimberly S. Bender brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. Plaintiff was initially found to be not disabled in a decision rendered by an administrative law judge ("ALJ") on August 16, 2016. PAGEID 44-55. Plaintiff filed an action challenging the Commissioner's decision. That case was remanded to the Commissioner for further proceedings by joint stipulation. On remand, a different ALJ conducted a new evidentiary hearing. In a decision rendered on April 8, 2019, the ALJ found that plaintiff has severe impairments consisting degenerative disc disease of the lumbar spine, obesity, bipolar disorder, anxiety disorder, and borderline intellectual functioning. PAGEID 858. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform medium work, except that she can occasionally climb ramps and stairs and can frequently balance, but she can never climb ladders and scaffolds, work around moving machinery or unprotected heights, or drive commercially. Plaintiff was also limited to understanding, remembering, and carrying out simple tasks and instructions; maintaining attention

and concentration for two-hour segments over an eight-hour workday; responding appropriately to supervisors and coworkers; and adapting to simple changes and avoiding hazards in a setting without strict production standards. PAGEID 864. Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. PAGEID 869-871.

This matter is before the court for consideration of plaintiff's January 20, 2021, objections to the January 6, 2021, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed. Defendant has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence,

shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the conclusion of the magistrate judge that the ALJ's step two finding that plaintiff's headaches did not constitute a severe impairment was supported by substantial evidence. Plaintiff has complained of headaches since she was involved in a motor vehicle accident in January of 2014. Plaintiff argues that the ALJ also failed to take plaintiff's headaches into account in formulating her RFC.

At step two of the five-step analysis set forth in 20 C.F.R. §404.1520(a)(4), the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §404.1520(a)(4)(ii). A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§404.1520(c), 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). A severe impairment is established by medical evidence consisting of signs, symptoms, and laboratory findings,

3

not just by a claimant's statement of symptoms. *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014)(citing 20 C.F.R. §416.908). Further, the ALJ need not find credible a claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The court agrees with the conclusion of the magistrate judge that the ALJ's decision not to classify plaintiff's headaches as a severe impairment was supported by substantial evidence. The ALJ stated in his decision that plaintiff "has recovered well from her accident and cerebral trauma" and that her headaches "are now well controlled with medications and oxygen therapy." PAGEID 863. He concluded that this impairment did not significantly interfere with plaintiff's ability to perform work-related activities and was considered to be not severe. PAGEID 863.

Before reaching that conclusion, the ALJ thoroughly summarized plaintiff's medical records, and incorporated by reference the discussion of plaintiff's medical records contained in the previous ALJ's 2016 decision. The ALJ cited numerous records, including: the January 14, 2015, record of Bryan Bjormstad, M.D., noting plaintiff's report that her headaches had improved, and that plaintiff was in no acute distress; the July 16, 2015, record of Dr. Charles Sales, a neurologist, who saw plaintiff for a complaint of chronic cluster headaches and recommended oxygen inhalation therapy; a follow-up visit with Dr. Sales on November 12, 2015, at which plaintiff stated that the oxygen helped reduce the duration and frequency of her headaches but that she had been getting them every other day for the past two weeks; a report from Dr. Sales

4

dated March 3, 2016, noting that plaintiff complained about headaches three or four times a day, that her medication was adjusted, and that an EEG of the brain in December 2015 was normal; a September 1, 2016, emergency room record indicating that plaintiff stated she had run out of her medication, but she was in no distress and was treated with IV fluid and medications to resolve her headache; a record from Dr. Kiran Rajneesh, a neurologist, dated November 7, 2016, reporting plaintiff's complaints of two types of headaches (one which occurred multiple times per day, for which she used oxygen, and one which occurred every day), but plaintiff was in no acute distress, and underwent a greater occipital nerve block on November 30, 2016; a record of plaintiff's December 17, 2016, visit to the emergency room complaining of headache, although she was observed to be in no distress, and a CT scan of the head showed no acute changes; the February 8, 2017, record of Dr. Rajneesh, noting that plaintiff reported eighty percent improvement following the nerve block and was in no acute distress; a May 10, 2017, visit to Dr. Rajneesh, at which plaintiff complained of headaches but was in no acute distress, and Botox injections were arranged; an appointment with Dr. Rajneesh on September 27, 2017, at which plaintiff reported a fifty percent improvement in the frequency of her headaches; a visit to Dr. Rajneesh on January 10, 2018, at which plaintiff reported no improvement in the frequency of her headaches, stopped the Botox therapy, and declined Dr. Rajneesh's recommendation of medication and a headache rehabilitation program; and the record of a July 20, 2018, emergency room visit noting that plaintiff was in no distress, a CT scan of the head was negative for any acute findings, and the headache was relieved with IV hydration and

medications.

The fact that some information in the record may support plaintiff's claims that her headaches are severe does not mean that the ALJ had to agree with plaintiff's position. The ALJ's summary of the evidence is not one-sided, and he clearly considered plaintiff's complaints concerning her symptoms. As will be addressed below, the ALJ discussed at length in his step four analysis why he concluded that plaintiff's reports of symptoms were not entirely consistent with the medical evidence. Those reasons also support the ALJ's step two conclusion that plaintiff's headaches did not constitute a severe impairment which significantly limited her ability to do basic work activities. The ALJ's step two determination is supported by substantial evidence.

A decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Further, any error in the step two analysis was harmless. Step two is the means by which the Commissioner screens out totally groundless claims, *see Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985), and is a "*de minimis* hurdle," *see Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988). Where, as here, the ALJ finds at least one severe impairment and considers all of a claimant's impairments in the remaining steps of the disability determination, the failure to find additional severe impairments at step two does not constitute reversible error. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

The court also agrees with the magistrate judge's conclusion

6

that the ALJ considered plaintiff's complaints of headaches in formulating her RFC. A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ is charged with determining a claimant's RFC. 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). Regardless of whether an impairment is severe or non-severe, limitations arising from the impairment must be included in the RFC only if the impairment affects a claimant's capacity to work. *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 426 (6th Cir. 2007). In making that determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). However, an ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).

In making his RFC finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." PAGEID 866. His summary of plaintiff's medical records at step two reveals that the ALJ took notice of plaintiff's complaints of and treatment for headaches. The ALJ also considered plaintiff's hearing testimony concerning her headaches. PAGEID 867. After considering the evidence, the ALJ concluded that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. PAGEID 867.

The ALJ observed that the previous ALJ's 2016 decision identified several inconsistencies between plaintiff's assertions and the medical evidence, then he proceeded to identify additional inconsistences in the evidence received after remand. PAGEID 867-868. The ALJ commented that plaintiff frequently reported severe pain, but was noted by her doctors to be in no acute distress at the time. PAGEID 867. The ALJ observed that if plaintiff's symptoms were as severe as she claimed, she would be expected to more faithfully follow treatment recommendations, yet she ran out of her headache medication in September, 2016, and in January, 2018, she declined medication and a rehabilitation program. PAGEID 868. *See* SSR 16-3p, 2016 WL 1119029, *7-8 (Mar. 16, 2016)(allowing ALJ to consider evidence showing that the claimant is not following the prescribed treatment in weighing claimant's claims of allegedly disabling symptoms). The ALJ noted that plaintiff gave inconsistent reports to her doctors and in her hearing testimony concerning the frequency of her headaches, and that her headaches did not seem to interfere with her ability to participate in physical and mental status examinations. PAGEID 868. *See* SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016)(ALJ can to look at whether the claimant's statements about the intensity, persistence and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010)(ALJ can consider whether plaintiff's subjective complaints were supported by objective medical evidence).

The ALJ also discussed plaintiff's daily activities, including cleaning and doing dishes, shopping, cooking, taking public

8

transportation, paying bills, taking care of personal needs, using the post office, walking the dogs, mowing the lawn, and taking care of her four children. The ALJ concluded that plaintiff's ability to engage in these activities was not indicative of someone with debilitating symptoms. PAGEID 868. *See* 20 C.F.R. §404.1529(c)(3)(i); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007)(ALJ could consider plaintiff's daily activities). The ALJ concluded that those inconsistencies diminished plaintiff's report of symptoms, and that her reported symptoms did not support a further reduction of the RFC. PAGEID 868.

The ALJ appropriately considered plaintiff's headaches before crafting plaintiff's RFC. The ALJ "was not required to accept as true every symptom she reported and provide a corresponding limitation in the residual functional capacity assessment to account for it." *Kohler v. Colvin*, No. 2:14CV00163, 2015 WL 3743285, at *5 (S.D. Ohio June 15, 2015), *report and recommendation adopted*, 2015 WL 4214469 (S.D. Ohio July 10, 2015). The ALJ's RFC determination is supported by substantial evidence. *See Ison v. Acting Comm'r of Soc. Sec.*, No. 2:16-cv-464, 2017 WL 4124586, *10 (S.D. Ohio September 18, 2017)(upholding ALJ's non-disability finding where the ALJ found inconsistencies between plaintiff's testimony and the objective medical record, extensively reviewed the medical opinions, which contained no evidence that the plaintiff was in acute distress such that her headaches would be disabling, and considered plaintiff's daily activities in making his credibility determination). Further, as the magistrate judge noted, *see* Doc. 12, p. 14, plaintiff did not identify any additional limitations that the ALJ should have included in the RFC

9

to account for her headaches.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ's determination that plaintiff's headaches were not a severe impairment was supported by substantial evidence, and that the RFC determination and the Commissioner's non-disability finding are likewise supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 13), and adopts and affirms the magistrate judge's report and recommendation (Doc. 12). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: August 3, 2021         　　　  s/James L. Graham         
　　　　　　　　　　　　　　　　　　James L. Graham
　　　　　　　　　　　　　　　　　　United States District Judge